

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-11-2008

# Blackmon v. Iverson

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4416

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Blackmon v. Iverson" (2008). *2008 Decisions.* Paper 691.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/691

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———

No. 06-4416

———

JAMIL BLACKMON,
                    Appellant

v.

ALLEN IVERSON

———

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C.  No. 01-cv-06429)
District Judge:  Hon. Mary A. McLaughlin

———

Submitted Under Third Circuit LAR 34.1(a)
May 30, 2008

Before: SLOVITER, FUENTES and NYGAARD, Circuit Judges

(Filed: August 11, 2008 )

———

OPINION

SLOVITER, Circuit Judge.

The order that is the subject of this appeal reads as follows, in relevant part:

> [W]hereas the only remaining claim in this case is a promissory estoppel claim for reliance damages; and whereas the parties agree and stipulate that the plaintiff can preserve that promissory estoppel claim and the case can be reopened if the plaintiff loses on appeal in this case, IT IS HEREBY ORDERED that judgment is entered for the defendant and against the plaintiff. This case is closed.

App. at 32.

## I.

On December 13, 2001, Jamil Blackmon filed a complaint against Allen Iverson alleging idea misappropriation, breach of contract, and unjust enrichment arising from Iverson's alleged breach of a promise to pay Blackmon twenty-five percent of all proceeds from Iverson's use of the nickname, "The Answer," which was allegedly "developed and coined" by Blackmon. App. at 40. The District Court dismissed Blackmon's complaint, but granted him leave to file an amended complaint to assert a claim for promissory estoppel arising from the same factual allegations. See Blackmon v. Iverson, 324 F. Supp. 2d 602, 614 (E.D. Pa. 2003). Blackmon amended his complaint accordingly, and Iverson moved for summary judgment.

On March 22, 2006, the District Court granted partial summary judgment for Iverson on the promissory estoppel claim. It held that all of the damages sought by Blackmon (e.g., expectation damages, lost profits) were based upon contract theories. It also declined to revisit its earlier decision that held that plaintiff failed to state viable

2

claims for idea misappropriation and breach of an express contract, and that permitted plaintiff to amend the complaint to state a claim of promissory estoppel. Although the court denied the damages Blackmon originally sought, it concluded that it could not "dismiss the complaint or grant summary judgment entirely because the plaintiff still may be able to prove reliance damages at a trial." App. at 31. After soliciting the parties regarding how to proceed with the case, the District Court entered the order quoted above entering judgment for Iverson. Blackmon filed a timely notice of appeal.

## II.

The District Court had jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1). Blackmon contends that we have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 because the District Court entered a "partial" final judgment under Rule 54(b) of the Federal Rules of Civil Procedure, whereas Iverson argues that a final judgment has been entered because all of the claims in the instant case have been terminated. We disagree with both parties.

In its purportedly final order, the District Court plainly referred to Blackmon's "remaining . . . promissory estoppel claim for reliance damages," and stated, "plaintiff can preserve that promissory estoppel claim and the case can be reopened if the plaintiff loses on appeal in this case . . . ." App. at 32. The District Court's assertion that Blackmon could reopen the case to litigate the promissory estoppel claim even if he were to lose on appeal demonstrates that the District Court did not enter a final judgment with

3

respect to Iverson's liability on the promissory estoppel claim.[1]

Rule 54(b) of the Federal Rules of Civil Procedure provides: "[w]hen an action presents more than one claim for relief . . ., the [district] court may direct entry of a final judgment as to one or more, but fewer than all, claims . . . only if the court expressly determines that there is no just reason for delay." The District Court did not make such an express determination here. As we explained in Berckeley Investment Group, Ltd. v. Colkitt, 259 F.3d 135, 145 (3d Cir. 2001), an appeal is "premature until the District Court enters final judgment as to all parties and claims or chooses to make an express determination that there is no just cause for delay of the appeal of the entry of summary judgment."

Because the District Court failed to mention Rule 54(b) and there "is a concurrent failure to make an express determination of no just cause for delay, we cannot reasonably conclude that the District Court intended to enter a partial final judgment pursuant to that Rule." Id. at 144. Moreover, the "agree[ment] and stipulat[ion]" of the parties constitute the District Court's sole justifications for the entry of a partial final judgment. App. at 32. Therefore, our conclusion is "buttressed . . . by the absence of any indication . . . that the

_____

[1] Because Iverson did not cross-appeal the District Court's order, we may only consider whether the District Court erred in granting summary judgment for Iverson on Blackmon's promissory estoppel claim as to certain types of damages; we may not consider the District Court's denial of summary judgment as to Iverson's overarching liability with respect to that claim. Therefore, we could not, as Iverson urges, finally dispose of all claims in this litigation.

4

District Court was considering any of those factors relevant to Rule 54(b)," <u>Berckeley Inv. Group, Ltd.</u>, 259 F.3d at 144, such as those described in <u>Allis-Chalmers Corp. v. Philadelphia Electric Co.</u>, 521 F.2d 360, 364 (3d Cir. 1975).

In summary, because the District Court did not enter a final judgment as to all claims and did not make an express determination of no just reason for delay of the entry of a partial final judgment under Rule 54(b), we do not have jurisdiction to hear this appeal.

## IV.

For the above-stated reasons, we will dismiss the appeal for lack of jurisdiction.